**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

ALBERT LEE JOHNSON,                                                              PLAINTIFF
ADC #86314

v.                                      5:17-cv-00195-DPM-JJV

CORRECT CARE SOLUTIONS, LLC, *et al.*                            DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**<u>DISPOSITION</u>**

## I.    INTRODUCTION

Albert Lee Johnson ("Plaintiff") is a prisoner in the Varner Unit of the Arkansas Department of Correction ("ADC").  With the assistance of counsel, he has filed a Complaint alleging APN Wannetta Clowers (deceased), LPN Amanda Gray, Dr. Ronald Stukey, and Nurse Pamela Armoster violated his constitutional rights, as protected by 42 U.S.C. § 1983, and acted negligently in violation of Arkansas law by failing to properly administer eye drops prescribed to treat glaucoma.[1]  (Doc. Nos. 1, 57).  Specifically, Plaintiff alleges that: (1) from August 2014 to August 2015, Defendants Clowers and Gray gave him half the strength of eye drops that had been prescribed by an optometrist; and (2) in March 2017, Defendants Stukey, Gray, and Armoster delayed in refilling his eye drop prescription.  (Doc. No. 1).  Plaintiff seeks compensatory and punitive damages.  (*Id.*)

Defendants have filed a Motion for Summary Judgment arguing they are entitled to judgment as a matter of law.  (Doc. Nos. 54, 55, 56, 66, 67.)  Plaintiff has responded.  (Doc. Nos. 62, 63, 64, 65).  After careful review and for the following reasons, I find Defendants' Motion for

---

[1]  All other claims raised in the Complaint have been dismissed without prejudice as being barred by the statute of limitations or the exhaustion of administrative remedies rule. (Doc. Nos. 12, 39, 43).

2

Summary Judgment should be GRANTED, and I recommend Plaintiff's constitutional and negligent medical care claims against Defendants Clowers, Gray, Stukey, and Armoster be DISMISSED with prejudice

## II.    SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

III.    **FACTS**

The undisputed facts, which are taken largely from Plaintiff's medical records, are as follows.[2]  In 2000, Plaintiff was diagnosed with bilateral open-angle glaucoma.  (Doc. No. 55-1 at 1; No. 55-4; No. 62-3 at 9.)  The parties agree this type of glaucoma is a chronic, slow disease process.  (Doc. No. 63 at 12.)

On August 5, 2014, an optometrist examined Plaintiff, described his glaucoma as adequately controlled, and prescribed Timolol .50% eye drops.  (Doc. No. 55-1 at 30.)  Later that day, APN Clowers prepared a one-page Encounter Note documenting the eye appointment. (*Id*. at 31.)  In two places in that Note, she recorded Timolol .50% had been prescribed, but in two other places she said the strength was .25%.  (*Id*.)  APN Clowers then erroneously entered Timolol .25% into the prison's computerized pharmacy records, and she subsequently renewed that incorrect prescription two times.  (*Id*. at 32-33; Doc. No. 62-4 at 11-12).  LPN Gray dispensed that medication, as erroneously entered into the computer, on one or more occasions.  (*Id.*)  On July 28, 2015, the optometrist discovered the error during Plaintiff's annual exam, and on August 8, 2015, a non-party prison nurse entered the correct prescription of Timolol .50%, which Plaintiff subsequently received.  (Doc. No. 55-1 at 34-39; No 55-4 at 4.)  Thus, it is undisputed Plaintiff received the incorrect strength of his glaucoma eye drops for approximately one year.

On March 2, 2017, Dr. Stukey saw Plaintiff in the Chronic Care Clinic for several unrelated illnesses.  (Doc. No. 55-1 at 48-49).  The parties now agree Plaintiff did not seek or obtain any care for glaucoma at that time.  (*Id*.; No. 63 at 13.)  On March 20, 2017, Plaintiff filed a form seeking a refill of his Timolol .50% prescription, and he ran out of that medication the following

---

[2] Defendants argue their Statement of Facts should be deemed admitted because Plaintiff filed his Response late.  (Doc. No. 66.)  There is no need to do so in this case because the material facts, of what occurred when, are undisputed.

day, on March 21, 2017.  (Doc. No. 55-1 at 50-51; No. 63 at 13.)  Three days later, on March 24, 2017, Dr. Stukey verbally renewed the prescription.  (*Id*.)  Importantly, the parties now agree Nurses Gray and Armoster did not treat Plaintiff's glaucoma in March 2017 or have any role in refilling his prescription at that time.  (*Id*.)

## IV.    ANALYSIS

### A.    Constitutional Claim

The Eighth Amendment requires correctional officers to provide prisoners with needed medical care.  *A.H. v. St. Louis, MO*., 891 F.3d 721, 726 (8th Cir. 2018).  To proceed to trial on his constitutional medical care claim, Plaintiff must have evidence that: (1) he had an objectively serious need for medical care; and (2) Defendants subjectively knew of, but deliberately disregarded, that serious medical need.  *See Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010).  The parties agree Plaintiff had an objectively serious medical need for glaucoma treatment.  Thus, the second element, of deliberate indifference, is the crux of this case.  On this matter, the Eighth Circuit has clarified that deliberate indifference, which is a higher standard than medical malpractice or gross negligence, "requires proof of a reckless disregard of the known risk."  *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001).

### 1.    Incorrect Strength

Plaintiff alleges Defendants Clowers and Gray were deliberately indifferent when they gave him Timolol .25% instead of Timolol .50% for approximately a year between August 2014 and 2015.  The parties dispute whether that error caused Plaintiff's glaucoma to worsen or

otherwise adversely affected his vision.[3]  (Doc. Nos. 55-2, 55-4, 62-1, 62-2.)  But, before getting to the issue of causation, there must be evidence Defendant Clowers or Gray acted with deliberate indifference.  The record is devoid of any such evidence.

To the contrary, the medical records themselves demonstrate Defendant Clowers acknowledged the optometrist's prescription strength but simply entered that information incorrectly into the prison's computerized pharmacy records.  (Doc. No. 55-1 at 31-33.)  Defendant Gray testified during her deposition that she dispensed the medication as it was entered into the computer by Defendant Clowers, and that it was not the usual practice for LPN's to verify that the prescription information in the computer was consistent with the optometrist's original instructions.  (Doc. No. 62-4 at 8, 11-13.)  And, both Defendants' and Plaintiff's experts agree that the prescription error was a negligent mistake.  (Doc. No. 55-4 at 4; No. 62-2 at 11, 14, 18, 19.)  As previously mentioned, it is well settled that negligence and even gross negligence are not enough to sustain a constitutional violation.  *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018); *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010).

I understand Plaintiff's frustration with the fact that his prescription was erroneously entered into the computer and that the error was not discovered until his yearly optometry exam.  However, prisoners "must clear a substantial evidentiary threshold to show that the prison's medical staff" acted with deliberate indifference.  *Meuir v. Greene Cty. Jail Employees*, 487 F.3d 1115, 1118 (8th Cir. 2007).  After a thorough review of the record, I conclude Plaintiff has not met that threshold.  Thus, Defendants Clowers and Gray are entitled to summary judgment, and I recommend Plaintiff's constitutional medical care claims against them be dismissed with

---

[3]  If summary judgment is denied, Defendants intend to file a *Daubert* motion challenging the admissibility of Plaintiff's expert testimony.  (Doc. No. 54 at 3.) But, at this point, I will presume Plaintiff's expert was qualified to give the opinions found in her deposition and affidavit.

prejudice.

### 2.    Refill Delay

In the Complaint, Plaintiff claimed Defendants Stukey, Gray, and Armoster were deliberately indifferent by failing to promptly renew his Timolol .50% prescription in March 2017. Because the parties now agree nurses Gray and Armoster were not involved in refilling his prescriptions at that time, this claim against them should be dismissed with prejudice.

As to the allegations against Dr. Stukey, it is undisputed Plaintiff ran out of his eye drops on March 21, 2017, and Dr. Stukey refilled his prescription three days later, on March 24, 2017. It is well settled that a short delay in receiving prescribed medications does not rise to the level of a constitutional violation. *See Hines v. Anderson;* 547 F.3d 915, 920-21(8th Cir. 2008) (holding that unspecified delays in refilling the prisoners' various prescriptions did not rise to the level of constitutional violation); *Ervin v. Busby*, 992 F.2d 147, 150-51 (8th Cir. 1993) (finding that a month-long delay in refilling pretrial detainee's antidepressant prescription was not a constitutional violation).

Also, to avoid summary judgment, Plaintiff "must place verifying medical evidence" in the record to establish the detrimental effect of the alleged delay in receiving his eye drops. *Jackson v. Riebold*, 815 F.3d 1114, 1120 (8th Cir. 2016). And, when "the complaint involves treatment of a prisoner's sophisticated medical condition, expert testimony is required to show proof of causation." *Alberson v. Norris*, 458 F.3d 762, 765–66 (8th Cir. 2006). Plaintiff has not presented any such evidence. To the contrary, Plaintiff's expert clarified she was not asked to give any opinions about the care Plaintiff received for glaucoma in 2017. (Doc. No. 62-2 at 13, 17.) For these reasons, I recommend Plaintiff's constitutional medical care claim against Defendant Stukey be dismissed with prejudice.

B.    **Negligence Claim**

At this juncture, I would normally recommend the Court decline to exercise supplemental jurisdiction over the pendent state law negligence claims.  *See* U.S.C. § 1367(c)(3); *Am. Civil Liberties Union v. City of Florissant,* 186 F.3d 1095, 1098-99 (8th Cir. 1999) (explaining that when state and federal claims are joined and all federal claims are dismissed on a motion for summary judgment, the state claims are ordinarily dismissed without prejudice to avoid needless decisions of state law).  However, it is within the Court's discretion to dismiss the pending state law claims after balancing the factors of judicial economy, convenience, fairness, and comity. *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1249 (8th Cir. 2006); *Grain Land Coop v. Kar Kim Farms, Inc.,* 199 F.3d 983, 993 (8th Cir. 1999).  I find the factors fall in Defendants' favor in this case for the following reasons.

The Court has already ruled that, based on the two-year statute of limitations found in Ark. Code Ann. § 16-114-203, Plaintiff's negligence claim is limited to acts that occurred on or after July 27, 2015.  (Doc. Nos. 8, 12.)  Plaintiff has not presented any evidence suggesting Defendants Clowers, Gray, or Armoster acted negligently on or after that date.  To the contrary, Plaintiff's expert testified during deposition that there was nothing in the medical records indicating that they acted negligently in July or August of 2015.  (Doc. No. 62-2 at 14, 18, 19.)  Thus, they are clearly entitled to summary judgment on Plaintiff's negligence claim based on the Arkansas statute of limitations.

In contrast, Plaintiff's allegation that Defendant Stukey acted negligently when he delayed refilling his prescription, in March 2017, is well within the limitations period.  However, Arkansas law requires Plaintiff to prove, with expert medical testimony, that Dr. Stukey failed to act in accordance with the standard of care and that the failure resulted in injuries that otherwise would

not have occurred.  *See* Ark. Code. Ann. § 16–114–206.  Plaintiff has not provided any such evidence.  Instead, as previously mentioned, Plaintiff's expert was not asked to give *any opinions* regarding Plaintiff's glaucoma care in 2017.  (Doc. No. 62-2 at 13, 17.)  Thus, Dr. Stukey is also entitled to summary judgment on Plaintiff's negligence claim.

In light of the considerable resources invested by the court and the parties (both of whom are represented by counsel) in arriving at summary judgment and the strength of Defendants' argument for dismissal, I recommend the Court retain supplemental jurisdiction for the purpose of dismissing Plaintiff's negligence claims with prejudice.  *See Grain Land Coop.,* 199 F.3d at 993 (8th Cir. 1999); *Murray v. Wal-Mart, Inc.,* 874 F.2d 555, 558 (8th Cir. 1989) (affirming dismissal of pendent state law claims based on a "substantial investment of judicial time and resources").

## V.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 54) be GRANTED, and Plaintiff's constitutional and negligent medical care claims against Defendants Clowers, Gray, Stukey, and Armoster be DISMISSED with prejudice and this case be CLOSED.

Dated 19th this day of August 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE